UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

CAPITAL VENTURES INTERNATIONAL,       :     14 Civ. 7258 (TPG)

                Plaintiff,      :

               v.             :

REPUBLIC OF ARGENTINA,        :

                Defendant.     :

                             :

----------------------------------------------------------------X

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Capital Ventures International ("CVI") joins the Reply Memorandum of Law filed by plaintiff NML Capital, Ltd. ("NML") in the related case styled *NML Capital, Ltd. v. Republic of Argentina*, 14 Civ. 8601 (TPG) (the "*NML Action*") and adopts and incorporates herein the arguments and authorities set forth therein which apply with equal force in this case.

We address one point separately for clarity. Argentina argues that summary judgment should be denied to 20 pre-judgment plaintiffs because they allegedly failed to offer sufficient proof of ownership of the bonds on which their claims are based. (Memorandum of Law of the Republic of Argentina in Opposition ("Argentina's Opp. Mem."), Pt. II.) CVI, however, brings this action as a *post*-judgment plaintiff, and thus Argentina's argument does not apply to CVI on its face.

Even if it did, for the same reasons set forth in NML's Reply Memorandum (Pt. III), CVI's moving papers establish CVI's undisputed ownership of bonds issued by Argentina under the FAA. The Declaration of Kathy Harley ("Harley Decl."), testimony of a competent witness made on personal knowledge as CVI's authorized agent, affirmed CVI's current

beneficial ownership of the bonds. (*See* Harley Decl. ¶¶ 2-5.) Furthermore, CVI's Statement of Material Facts Pursuant to Local Rule 56.1 included its ownership as a fact to which there was no genuine issue to be tried. (Local Rule 56.1 Stmt. ¶¶ 1-4.) Argentina offered no evidence to contravene CVI's ownership of the bonds, and Argentina's Local Rule 56.1 Statement did not controvert CVI's ownership. As such, CVI's ownership of the bonds is admitted on this motion. *See* S.D.N.Y. Local Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."). No further proof is necessary.

Nonetheless, out of an abundance of caution, CVI is submitting additional proof of ownership. That proof is the Reply Declaration of Ms. Harley, which attaches contemporaneous account statement documentation showing CVI's current beneficial ownership of the bonds at issue. (*See* Harley Reply Decl., Exs. A, B.)

Accordingly, for the same reasons set forth in NML's Reply Memorandum, CVI is entitled to partial summary judgment in this case.

Dated: New York, New York
       April 7, 2015

2

BALLARD SPAHR LLP


By:      /s/ Scott M. Himes

Scott M. Himes
Elaine Lou
919 Third Avenue
New York  10022-3908
Telephone: 212.223.0200
Facsimile: 212.223.1942
himess@ballardspahr.com
loue@ballardspahr.com

-and-


M. Norman Goldberger (*pro hac vice* motion pending)
Laura E. Krabill (*pro hac vice* motion pending)
1735 Market Street
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999
goldbergerm@ballardspahr.com
krabilll@ballardspahr.com

*Attorneys for Plaintiff Capital Ventures International*

DMEAST #20960033 v1